**STATE of Minnesota, Respondent,**

v.

**Beverly Ann STIMPERT, Appellant.**

**No. C2–85–200.**

Court of Appeals of Minnesota.

July 2, 1985.

Hubert H. Humphrey, III, Atty. Gen., Michael K. Jordan, Sp. Asst. Atty. Gen., St. Paul, W.M. Gustafson, Nicollet County Atty., St. Peter, for respondent.

C. Paul Jones, Minnesota State Public Defender, Lawrence Hammerling, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Appellant Beverly Stimpert was convicted of possession of cocaine, Minn.Stat. § 152.09, subd. 1(2) (1984). She contends that her Fourth Amendment rights were violated because she was unconstitutionally arrested. We affirm.

### FACTS

In the late evening hours of October 1, 1983, State Trooper Leslie Meyers stopped Stimpert's automobile to deal with a speeding offense and an equipment violation. Glenn Mangen was driving the car, and Stimpert was a passenger. Meyers noticed unusual movements by the two occupants, "shifting around down below the dash area."

After stopping the car, Meyers approached Mangen, and she smelled alcohol from inside the car. She noticed a case of beer on the rear seat of the car and beer bottles on the floor, both behind and in front of the passenger seat; some of the open bottles were not empty. Meyers asked Mangen and appellant to get out of the car.

Meyers examined a jacket lying on the center console of the car, looking for bottles or weapons. She found baggies in the jacket which contained tablets, white powder, a straw and a razor blade. Mangen indicated that the jacket was his. Believing the tablets and powder were controlled substances, Meyers arrested Mangen for illegal possession of drugs.

Meyers verified that Stimpert was the owner of the car, and she was arrested for open bottle violations. In a pat-down search of appellant, Meyers found a baggie tucked into the waistband of appellant's pants; the baggie contained squares of paper. Meyers also discovered a container of multiple colored pills in the jacket appellant was wearing. Appellant was taken to the sheriff's office where a strip search was performed, and a baggie containing cocaine was found in the crotch of her pants.

The trial court refused to suppress the cocaine and the case was submitted on stipulated facts. Appellant was convicted for possession of cocaine.

### ISSUE

Was appellant lawfully arrested and searched?

### ANALYSIS

Appellant does not contest the initial stop.

 In the course of the stop, Meyers found evidence of an open bottle violation. Under the automobile exception to the warrant requirement, Meyers could properly search the car for further evidence of an open bottle violation. *State v. Schinzing,* 342 N.W.2d 105, 109 (Minn.1983); *State v. Pierce,* 347 N.W.2d 829, 833 (Minn.Ct.App. 1984).[1]

Having seen unusual, suspicious movements of appellant and Mangen, and having already found a razor blade in Mangen's jacket pocket, as well as pills and white powder, Meyers could lawfully perform a pat-down search of appellant for weapons. *State v. Gobely,* 366 N.W.2d 600 (Minn.1985); *see State v. Hanson,* 364 N.W.2d 786 (Minn.1985).[2] The search revealed a container of pills in appellant's jacket and a concealed baggie containing squares of paper.

An officer has probable cause to arrest where, "in the particular circumstances, conditioned by his own observations and information, and guided by the whole of his police experience, [the officer] reasonably could have believed that a crime had been committed by the person to be arrested." *State v. Merrill,* 274 N.W.2d 99, 108 (Minn.1978), *State v. Sorenson,* 270 Minn. 186, 196, 134 N.W.2d 115, 123 (1965). We conclude that Meyers had probable cause to believe appellant possessed a controlled substance.

The subsequent search at the police station was incident to that arrest, a conclusion appellant does not challenge. In sum, cocaine found in this search was lawfully discovered and seized.

### DECISION

The trial court correctly concluded that a seizure of evidence was incidental to a lawful arrest.

Affirmed.

---

1. Once Meyers saw an open bottle and smelled alcohol in the car she had probable cause to search wherever bottles or cans might be found. *Schinzing,* 342 N.W.2d at 109. Thus, the search of Mangen's jacket was proper. Further, appellant lacks standing to object to the search of Mangen's jacket. She neither owned the jacket nor its contents, and she had no legitimate expectation of privacy about the item.

2. The search may have been further justified as incident to a valid arrest for the open bottle violation, but we need not decide this question.